IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–01947–REB–KMT

ADAM STREGE,

    Plaintiff,

v.

MCDONALDS,
WELLS FARGO BANK,
TRIVIS, INC.,
JAN STREGE DEUTCHMAN, and
DALE STREGE,

    Defendants.

**ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT**

Plaintiff initiated this action by filing a *pro se* Complaint.  The Court must construe the Complaint liberally because Mr. Strege is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint.

Plaintiff's Complaint is deficient because he has not used the Court-approved Complaint form that *pro se* litigants are required to use.  Pursuant to Rule 8.1A. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[a] pro se party shall use the forms established by this court to file an action."  Therefore, Mr. Strege will be

ordered to file an Amended Complaint and submit his claims on the Court-approved Complaint form.

The Court also finds that Plaintiff's Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that Plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Plaintiff fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Plaintiff's claims are unintelligible, repetitive, and unnecessarily verbose. Therefore, Plaintiff will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8. Plaintiff is reminded that it is his responsibility to present his

claims in a manageable format that allows the Court and defendant to know what claims are being asserted and to be able to respond to those claims.  Accordingly, it is

**ORDERED** that Plaintiff file **within thirty days from the date of this Order** an Amended Complaint that complies with this Order.  It is

**FURTHER ORDERED** that the Clerk of the Court mail to Plaintiff, together with a copy of this Order, two copies of the Court-approved form for filing a Complaint.  It is

**FURTHER ORDERED** that if Plaintiff fails within the time allowed to file an Amended Complaint, as directed, this court will recommend that this action be dismissed without further notice.

Dated this 1st day of August, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge